**FILED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAN – 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **ALICIA HASKELL,**<br>**6230 Rose Hill Drive, Apt. 2A**<br>**Alexandria, Virginia 22310** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| **v.** | CASE NUMBER  1:06CV00014 *JURY* <br> : <br> JUDGE: Paul L. Friedman *ACTION* |
| **JAMES E. LITTLEJOHN,** | : <br> DECK TYPE: Personal Injury/Malpractice |
| **211 Crabb Avenue**<br>**Rockville, Maryland  20850** | : <br> DATE STAMP: 01/05/2006 |
| **Defendant.** | : |

### NOTICE OF FILING NOTICE OF REMOVAL OF A CIVIL ACTION

The Defendant James E. Littlejohn, through his attorneys THOMPSON O'DONNELL, LLP, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), and 1446. In support of this Notice of Removal, Defendant states as follows:

1.     James E. Littlejohn is a defendant in the civil action styled <u>Alicia Haskell v. James E. Littlejohn</u>, now pending in the Superior Court for the District of Columbia, Civil Action No. 2005 CA 009355 B.

2.     The civil action was filed December 2, 2005. James E. Littlejohn was served with a Summons, Initial Order and Complaint on December 6, 2005, attached as Exhibit A.

3.     At the time of the filing of the civil action and at the time of this Notice of Removal, Plaintiff Alicia Haskell was and is an alien domiciled in the Commonwealth of Virginia. Plaintiff Alicia Haskell is a citizen of Namibia.

4.     At the time of the filing of the civil action and at the time of this Notice of Removal, Defendant James E. Littlejohn was and is a citizen of the State of Maryland.

1

5.     The Complaint seeks damages in the amount of $2 million dollar.  As there is diversity of citizenship and the amount in controversy for federal jurisdiction is fulfilled, 28 U.S.C. § 1441(a) provides a basis for removal.

6.     At the time of the incident alleged in the Complaint, Defendant James E. Littlejohn was a federal law enforcement officer with the United States Park Police.  At the time of the incident alleged in the Complaint, Officer James E. Littlejohn was performing his duties as an officer of the United States Park Police and under color of his office.  28 U.S.C. § 1442(a)(1) provides a basis for removal of this action.  See Answer and Counterclaim of Defendant James E. Littlejohn, attached as Exhibit B.

7.     All Orders and Pleadings from the Superior Court are attached to this Notice of Removal as Exhibits A through C.

WHEREFORE, this action now pending in the Superior Court for the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1) and 1446.

January 5, 2006                                    THOMPSON O'DONNELL, LLP


                                                   J. Michael Hannon, #352526
                                                   1212 New York Avenue, N.W.
                                                   Suite 1000
                                                   Washington, D.C. 20005
                                                   (202) 289-1133
                                                   (202) 289-0275 Facsimile

                                                   *Attorneys for Defendant James E. Littlejohn*

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **NOTICE OF REMOVAL OF A CIVIL ACTION** was sent via first class mail, postage prepaid, this 5th day of January, 2006, to:

Larry N. Burch, Esq., #444776
Nicholas Phucas, Esq., 475163
The Law Offices of Burch and Burch-Rates, LLC
7829 Belle Point Drive
Greenbelt, MD 20770
(301) 474-4468
(301) 474-7559 Facsimile

*Attorneys for Plaintiff Alicia Haskell*

_____
J. Michael Hannon



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ALICIA HASKELL

Vs.                                                    C.A. No.      2005 CA 009355 B

JAMES E LITTLEJOHN

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JOHN M CAMPBELL
Date:   December 2, 2005
Initial Conference: 9:30 am, Friday, March 17, 2006
Location:   Courtroom 517
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

**06 0014**



JAN – 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| Alicia Haskell |
| --- |

*Plaintiff*

VS.

| James Edgar Littlejohn |
| --- |

*Defendant*

ఎ00ఎ3ఎ5-05

Civil Action No. [ ]

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Larry N. Burch, Esquire |
| --- |
Name of Plaintiff's Attorney

| 7829 Belle Point Drive |
| --- |
Address

| Greenbelt, Maryland 20770 |
| --- |

| 301-474-4468 |
| --- |
Telephone

By [signature] Deputy Clerk

Date [handwritten]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(P)-456/Mar. 92

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**ALICIA HASKELL**
6230 Rose Hill Drive, Apt 2A
Alexandria, Virginia 22310
       **Plaintiff**

   **v.**

**JAMES EDGAR LITTLEJOHN**
1100 Ohio Drive, SW
Washington, D.C. 20242
       **Defendant**

RECEIVED
Civil Clerk's Office

DEC 0 2 2005

Superior Court of the
District of Columbia
Washington, D.C.

0005355-05

Case No:

### COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Alicia Haskell, by and through her undersigned attorney, Larry

N. Burch of *The Law Offices of Burch and Burch-Rates, LLC*, and for her Complaint against the

Defendant, states as follows:

### JURISDICTION

1.    That this Court has jurisdiction over this matter pursuant to D.C. Code Ann. § 11-921.

2.    That all matters complained of herein occurred in Washington, D.C.

### FACTUAL SUMMARY

3.    That on December 4, 2004, at approximately 2:00 a.m., the Plaintiff was walking with a

group of friends along 18th Street, N.W., in the Adams-Morgan section of Washington, D.C.

4.    As the Plaintiff's group passed another group that was standing on 18th Street, a member or

member of the Plaintiff's group came into physical contact with a member or member of the

other group and words were exchanged between members of the groups.

5.    That the other group consisted of several males and a female.

6. That the Plaintiff became involved in an argument with the female in the other group.

7. That the Defendant, James Edgar Littlejohn, without just cause or provocation began spraying a canister of pepper spray into the crowd including into the Plaintiff's face.

8. That as the Plaintiff began to walk away, the Defendant, James Edgar Littlejohn, grabbed the Plaintiff from behind and pushed her to the ground and held her down with his knee in her back.

9. Defendant, Littlejohn, then released the Plaintiff allowing her to stand up.

10. When the Plaintiff stood up -- without any provocation or justification – the Defendant slammed the Plaintiff down onto the sidewalk pushing her from the back of the head.

11. As a result of the Defendant pushing her down, the Plaintiff struck the concrete sidewalk face first.

12. The impact knocked the Plaintiff's upper front teeth out and caused her significant pain and other injuries.

13. That after the Defendant slammed the Plaintiff to the concrete, Defendant attempted to flee the scene before the police could arrive.

## COUNT I
### (Assault and Battery)

14. All matters stated above are adopted and incorporated by reference herein and it is further alleged:

15. That Defendant, James Edgar Littlejohn, acted with the intent and capability to do bodily harm to the Plaintiff and his conduct was perpetrated with actual malice.

16. That the actions of the Defendant, James Edgar Littlejohn, caused the Plaintiff to be put in

reasonable apprehension of an imminent battery.

17. That the actions of Defendant, James Edgar Littlejohn, constituted an intentional unwanted and offensive touching done without justification, and were undertaken deliberately and with actual malice.

18. That the Defendant, James Edgar Littlejohn, did assault and batter the Plaintiff without legal cause or justification.

19. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff suffered severe bodily injuries, including, but not limited to, the loss of her upper front teeth, which caused her and will continue to cause her severe pain, emotional distress and permanent disability.

20. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff suffered severe humiliation and embarrassment.

21. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff has incurred and will continue to incur in the future, substantial sums of money for medical care, attention and other expenses.

### COUNT II
### (False Imprisonment)

22. All matters stated above are adopted and incorporated by reference herein and it is further alleged:

23. That at the time of the incident, the Defendant, James Edgar Littlejohn, restrained the Plaintiff preventing her from leaving the scene of the incident.

24. That such action caused the Plaintiff to be unlawfully deprived of her liberty to leave the

scene of the incident.

25. That the actions of the Defendant, James Edgar Littlejohn, were undertaken deliberately and with actual malice.

26. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff suffered severe bodily injuries, which caused her and will continue to cause her severe pain, emotional distress and permanent disability.

27. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff suffered severe humiliation and embarrassment.

28. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff has incurred and will continue to incur in the future, substantial sums of money for medical care, attention and other expenses.

## COUNT III
### (Intentional Infliction of Emotional Distress)

29. All matters stated above are adopted and incorporated by reference herein and it is further alleged:

30. That the conduct of the Defendant, James Edgar Littlejohn, was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

31. That the conduct of the Defendant, James Edgar Littlejohn, was extreme and outrageous and beyond the bounds of decency in society.

32. That the actions of the Defendant, James Edgar Littlejohn, were undertaken deliberately and with actual malice.

33. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff has suffered, and will continue to suffer, severe and extreme emotional distress.

34. That as a result of the actions of the Defendant, James Edgar Littlejohn, the Plaintiff has incurred and will continue to incur in the future, substantial sums of money for medical care, attention and other expenses.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, James Edgar Littlejohn, in the amount of ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages plus interest and cost of suit herein.

Respectfully submitted,

Larry N. Burch, Esquire,
D.C. Bar #444776
*The Law Offices of Burch and Burch-Rates, LLC*
7829 Belle Point Drive
Greenbelt, MD 20770
Tel: (301) (301) 474-4468

Attorneys for Plaintiff

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**ALICIA HASKELL**                              *
**6230 Rose Hill Drive, Apt 2A**
**Alexandria, Virginia 22310**                  *
                      **Plaintiff**

                                                *

        **v.**                                  **Case No:**

                                                *

**JAMES EDGAR LITTLEJOHN**
**1100 Ohio Drive, SW**                         *
**Washington, D.C.  20242**
                      **Defendant**             *

## JURY DEMAND

Plaintiff, through undersigned counsel, hereby prays for a trial by jury on all issues.

Respectfully submitted,

Larry N. Burch, Esquire
D.C. Bar #444776
*The Law Offices of Burch and Burch-Rates, LLC*
7829 Belle Point Drive
Greenbelt, MD 20770
Tel: (301) 474-4468
Attorneys for Plaintiff

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ALICIA HASKELL,                          :

        Plaintiff,                   :    C.A. No. 2005 CA 009355 B

                                  :

       v.                           :    Calendar 12

                                  :

JAMES EDGAR LITTLEJOHN,                   :    Judge John M. Campbell

        Defendant.                   :

### ANSWER AND COUNTERCLAIM

    COMES NOW James Edgar Littlejohn and through his attorneys, THOMPSON

O'DONNELL, LLP, presents the following answer to the complaint for damages filed against

him and his COUNTERCLAIM against Alicia Haskell.

### First Defense

    The Complaint and all of its Counts fail to state a claim upon which relief can be

granted.

### Second Defense

    Responding specifically to the numbered paragraphs of the Complaint, Defendant states

as follows:

### JURISDICTION

    1. and 2.      It is not necessary at this time to respond to the allegations as to

jurisdiction.

### FACTUAL SUMMARY

    3.      Denied, in that Haskell was with a group of marines most of whom she had only

met very recently.  Haskell was drunk, and Defendant alleges that after a reasonable

**06 0014**

**FILED**

JAN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT

B

opportunity for further investigation and discovery there is likely to be evidentiary support that Haskell had recently had sexual intercourse with at least one of the marines.

    4.      Denied. Haskell and her group of marines were looking for trouble, and in particular the marines were looking to engage in a fight.

    5.      Denied. The "other group" consisted mostly of sworn law enforcement officers, several of whom were federal law enforcement officers sworn to uphold the laws of the District of Columbia and the United States.

    6.      Denied. Haskell committed an unprovoked attacked upon a female law enforcement officer, punching her and screaming profanities at her.

    7.      Denied. James Edgar Littlejohn was and is a sworn law enforcement officer with the United States Park Police. At the time, he was authorized and obliged to uphold the laws of the District of Columbia and to take law enforcement action for crimes committed in his presence.

    8, 9, and 10.    Denied. After Officer Littlejohn pulled Haskell off of the female law enforcement officer whom Haskell was attacking, Haskell attempted to renew her attack upon the female law enforcement officer.

    11.     Denied. Haskell was intoxicated which was the sole and proximate cause of any injuries alleged.

    12.     Denied.

    13.     Denied. Officer Littlejohn and another law enforcement officer with the "other group" both dialed 911 to summon Metropolitan Police Department officers.

### COUNT I (Assault and Battery)

    14.     Averments 1 through 13 are adopted and incorporated herein.

2

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

## COUNT II (False Imprisonment)

22.    Averments 1 through 21 are adopted and incorporated herein.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

## COUNT III (Intentional Infliction of Emotional Distress)

29.    Averments 1 through 28 are adopted and incorporated herein.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

## Third Defense

3



Officer James Edgar Littlejohn was at all times acting within the scope of his employment as a federal law enforcement officer with the United States Park Police; therefore, this action is barred by Plaintiff's failure to comply with the Federal Tort Claims Act.

### Fourth Defense

Officer James Edgar Littlejohn was at all times acting within the scope of his employment as a federal law enforcement officer with the United States Park Police; therefore, he acted with complete and absolute immunity and pursuant to a privilege afforded him as a law enforcement officer to enforce the laws of the District of Columbia and of the United States of America.

### Fifth Defense

Officer James Edgar Littlejohn was at all times acting within the scope of his employment as a federal law enforcement officer with the United States Park Police; therefore, the proper party defendant is the United States of America, and this action must be dismissed for failure to name the proper party defendant.

### Sixth Defense

If Plaintiff was injured as alleged, it was the result of her sole and or contributory negligence and/or her assumption of the risk and her claim is therefore barred.

### Seventh Defense

Plaintiff's claim is barred by the doctrine of consent to mutual combat.

### Eighth Defense

The conduct of Officer James Edgar Littlejohn was absolutely and completely privileged as he was acting in common law self-defense and in defense of others.

4

### Ninth Defense

Officer James Edgar Littlejohn had probable cause to believe and did believe in good faith that Plaintiff was engaged in a criminal act; therefore, his actions were immune and privileged.

### Tenth Defense

The Complaint is barred by the applicable limitations statute.

### Eleventh Defense

Plaintiff was illegally present in the United States of America at the time of the incident; therefore, this Court has no jurisdiction over this matter and Plaintiff is not entitled to claim jurisdiction of this Court for relief.

### Twelfth Defense

Plaintiff failed to mitigate damages.

WHEREFORE, Officer James Edgar Littlejohn, having answered the allegations lodged against him, prays that the Complaint be dismissed with an award of costs and attorneys fees assessed against Plaintiff.

### COUNTERCLAIM AGAINST ALICIA HASKELL

COMES NOW Defendant/Counterclaimant Officer James Edgar Littlejohn through his attorneys, THOMPSON O'DONNELL, LLP, and for his counterclaim against Alicia Haskell states as follows:

### Facts Common to All Counts

1.    Officer Littlejohn incorporates his Answer to the Counterclaim herein. At all times relevant to this claim, Alicia Haskell was illegally present in the United States of America as she is a citizen of Namibia and had overstayed her visa. Moreover, Littlejohn

5

alleges that after a reasonable opportunity for further investigation and discovery there is likely to be evidentiary support that Haskell lied to obtain several visas upon which she was present in the United States.

2.    At all times relevant, Officer James Edgar Littlejohn, was a sworn law enforcement officer of the United States of America, obligated to uphold the laws of the United States and the District of Columbia, whether he was technically on an assigned tour of duty or not.

3.    Alicia Haskell, as a citizen of Namibia, is well known in bars in that country and in the Washington, D.C., area. Her father is a successful businessman, and Haskell grew up as a very spoiled girl. Haskell has a long history of alcohol abuse, blackouts, fighting incidents, and recreational drug use that goes back to her high school years in Namibia. Her conduct has been a constant source of anxiety for her mother.

4.    Haskell is a party girl and very jealous of other women, particularly when she is drinking. As an example, Haskell got into a fight with another woman at a club because the other woman was seeing her boyfriend. During this encounter, Haskell inflicted serious injuries to the other woman. This incident resulted in a judicial stay away order imposed against Haskell in Namibia.

5.    After graduating from high school in Namibia, Haskell went to work for her father's business before gaining employment at Waterhouse Price. Soon after, Haskell left Waterhouse Price, either because she was fired or in order to enter the United States on a visa obtained under false pretenses.

4.    Haskell came to the United States through Euro Pair. This program placed her with a family that eventually kicked her out of their house. Haskell then obtained a position

6

with a single working mother. Haskell soon bonded with the children and became a valuable help.

5.     Haskell's fraudulently obtained visa status as an au pair had expired. Haskell persuaded the single mother to sponsor Haskell under the I-20 program, which allows non-citizens to stay in the U.S. as long as they are enrolled in school and do not have a paying job. However, Haskell was not enrolled in school and was receiving three hundred dollars a week working for the single mother. Nevertheless, the single mother agreed to become Haskell's sponsor to Haskell could stay in the United States.

6.     Littlejohn alleges that after a reasonable opportunity for further investigation and discovery there is likely to be evidentiary support that after the incident which is the subject of her Complaint, Haskell again fraudulently obtained I-20 status, and that she continues to work illegally.

7.     Haskell's sponsor mother became aware of Haskell's drinking problem before the incident giving rise to this Complaint. For example, Haskell went out and took the family car. The next day Haskell returned home without the car; she could not remember where she had parked it the night before because she was heavily intoxicated. Haskell would have friends over to the house where drinking would be involved. Haskell when intoxicated engaged in fights in the home, and she frequently experienced blackouts from alcohol intoxication. Against the wishes of her sponsor, Haskell frequently had men stay overnight in her bedroom.

8.     The day before the incident alleged in the Complaint (Thursday), Haskell did not come home at all that night. When she did show up Friday, she reeked of alcohol. Her sponsor told Haskell they would discuss her behavior once she was sober. Haskell had stayed

7

overnight at the Marine Barracks at 8th and I Streets. Instead of going to bed to sleep off here condition, Haskell snuck out of the house and returned to join her marine group and others.

9.    Before the incident which occurred at approximately 2:00 a.m. Saturday morning, December 4, 2004, Haskell had spent all of Friday afternoon and night drinking alcohol with her marine companions and others. At the time of the incident, Haskell was highly intoxicated as were her marine companions. As Haskell and her group were walking along the sidewalk, they came to a small passageway in front of the United States Post Office on 18th Street, N.W., at Kalorama Road. At that point, the Haskell group encountered a group including Officer Littlejohn, two women, and other law enforcement officers, which was leaving the area to go home on the subway. The marine group consisted of approximately 10 persons, including Haskell. The marine group had previously been in an altercation at a bar called Heaven and Hell and outnumbered the officer group.

10.    The initial violence occurred as the officer group passed the marine group on the way to the subway. The marine group shouted "skin head" and "KKK" type threats to the officer group. A marine companion of Haskell then sucker punched a United States Border Patrol Agent in the officer group. Immediately following, a Park Police Officer with the officer group was attacked by 2-3 marine companions of Haskell.

10.    That Park Police Officer was pushed into the large wall of the post office. At that point, 3 marines jumped on him, and a female law enforcement officer in the Littlejohn group ran over to aid him.

11.    Officer Littlejohn then identified himself as a police officer, and continued to do so throughout the ensuing altercation. Officer Littlejohn released pepper spray towards other

8

marines coming towards him and the marines attacking the Park Police Officer against the wall of the post office.

12.     Alicia Haskell then attacked the female law enforcement officer who had come to the aid of the Park Police Officer. Haskell grabbed the female law enforcement officer by her hair and forced the officer down to her knees, all the time screaming such things as "whore" and "bitch" at the officer.

13.     Officer Littlejohn pulled Haskell off the female officer. Officer Littlejohn then placed Haskell in an "escort hold", in which he was trained at the Federal Law Enforcement Training Center.

14.     At that time, yet another marine started towards Officer Littlejohn in a threatening manner. Officer Littlejohn released Haskell. Officer Littlejohn continued to yell "police, stay back" and pushed the marine back. The marine submitted, saying "okay, okay" or words to that effect.

15.     Officer Littlejohn then began to back up towards the officer group which he thought was behind him. Haskell was still swearing and yelling to Officer Littlejohn's left.

16.     Haskell stepped toward the female law enforcement officer again, continuing to swear at her. This female officer was to the right of Officer Littlejohn. Fearing for the female officer and himself, Officer Littlejohn grabbed Haskell by the shoulder as Haskell headed for the female officer and pushed her down, yelling "police, get down, get down."

17.     Haskell was too intoxicated to do anything to break her fall. Officer Littlejohn went to her, asking if she needed help. Haskell swore at him.

9

18.     The other marine started at Officer Littlejohn again, yelling and pointing. Officer Littlejohn continued to back away, shouting "police, keep back" and attempted to use his pepper spray again.  The canister was empty.

19.     This other marine and others in the marine group, along with Haskell, continued to pursue Officer Litttlejohn and the officer group up the street., shouting and screaming "police brutality." This other marine shouted that he was a sergeant in the Marine Corps, and he would "have Officer Littlejohn's badge."  Haskell continued to yell epithets at the female officer and others in the officer group.

20.     Officer Littlejohn and another officer in the group called 911 on cell phones. Eventually, uniformed officers from the United States Secret Service came to the scene, followed by Metropolitan Police Department officers.  Officer Littlejohn and the female law enforcement officer assaulted by Haskell told the MPD officers that Haskell should be arrested for assault.

21.     Even after arrival of uniformed police, Haskell continued to scream at the female law enforcement officer, calling her "whore" and "bitch".  Haskell started smoking cigarettes as the officers conducted their investigation.  Haskell was questioned by a law enforcement officer on the scene.  She told him that she did not want anyone arrested.

22.     Most of the marines had fled the scene when the uniformed officers arrived. Military Police from the Marine Barracks also arrived, taking back with them the remaining marines on the scene.   Officer Littlejohn alleges that after a reasonable opportunity for further investigation and discovery there is likely to be evidentiary support that several of the marines were disciplined by their command.

10

23.    Haskell returned to join the marine group, but did not seek medical attention. After departing the scene and while at a location unknown to Officer Littlejohn at this time, Haskell agreed with members of the marine group and others to contact the Park Police and to assert that she had changed her mind and wanted Officer Littlejohn to be prosecuted. She did so in order to obtain money from him in a civil lawsuit and in an attempt to avoid being prosecuted herself and deported. To that end, she or others on her behalf communicated with investigating officers that she intended to pursue charges. Officer Littlejohn was immediately placed on administrative suspension. Haskell then stayed with the marine group and other friends through the weekend. On Saturday, she called her sponsor and told her sponsor that she had been hurt, but did not give details.

24.    On that Saturday, Haskell told her sponsor that Channel 7 wanted to interview her on television. The sponsor advised Haskell not to do the interview, but Haskell's "friends" and marines were urging her to go ahead with the interview.

25.    Before seeking any medical attention, Haskell appeared on Channel 7 on Sunday, giving an interview along with another member of her group. In the interview, Haskell and the other member of her group lied about the events of that evening in order to obtain adverse publicity for Officer Littlejohn and in order to obtain a large financial payment for her injuries from Officer Littlejohn or from the United States of America. In the interview, she stated that she had been an innocent bystander when she was attacked. She stated that she was not the aggressor and that other officers at the scene were shouting, "beat her up, beat her up". This interview was aired several times by Channel 7 on that Sunday and the next day.

11

26.    On Sunday, Haskell finally returned to the home of her sponsor. Haskell's sponsor set up a dentist appointment and paid $4,500 for Haskell's initial medical treatment. Haskell has not repaid her sponsor.

27.    At Haskell's request, the sponsor also arranged for a meeting with an attorney and remained present during Haskell's discussion with the attorney. In the meeting with the attorney, Haskell told the attorney that she was minding her own business and that she was jumped. After prodding from the attorney, Haskell admitted that maybe she pushed the other woman. Haskell asked the attorney whether she had a good case and how much she could expect to win. The attorney informed her that she did have a good case, and that she could expect about 3-4 times the costs of her medical bills, around $80,000. The attorney even noted that if Officer Littlejohn is found to have acted within the scope of his duty, then the Park Police would pay her damages.

28.    Immediately after the meeting, Haskell told her sponsor that she really does not remember what happened and is worried that she was being influenced by her "friends". Haskell was then interviewed by the FBI in the presence of another law enforcement officer and her attorney. Haskell insisted that her sponsor be present. Haskell lied to the FBI agent about her involvement in the incident, minimizing her role and initially denying being the aggressor. Once again, after leaving the interview, Haskell reiterated to her sponsor that she did not remember what happened.

29.    Despite Haskell's conduct, her sponsor was constrained to keep Haskell in her house until she could find another nanny. However, in May of 2005, there was a family party at the house, where there was no drinking of alcohol. Haskell asked if she could invite a girlfriend of hers, and her sponsor said she could. At the party, Haskell went to the cupboard

12

where she got bottles of wine, and she and the friend consumed all the alcohol. Haskell and the friend then got in a major fight with the party still ongoing. The sponsor then finally kicked Haskell out of the house.

30.    Officer Littlejohn alleges that after a reasonable opportunity for further investigation and discovery there is likely to be evidentiary support that Haskell was summoned to a federal grand jury sitting in the District of Columbia and lied under oath as to the events of December 4, 2004, in order to obtain a large financial payment for her injuries from Officer Littlejohn or from the United States of America and to avoid being deported for assaulting federal officers.

31.    Officer Littlejohn has been in law enforcement since 1999. Officer Littlejohn has an unblemished and commendable record in law enforcement. Officer Littlejohn finished 2nd in his training class for his position as an officer with the United States Park Police.

32.    Alicia Haskell has subsequently, and to and through the date of the filing of this Counterclaim, used her fraudulently obtained status as a "crime victim" in order to continue to reside in the United States.

### COUNT I (Civil Conspiracy)

33.    Officer Littlejohn incorporates the averments in paragraphs 1 through 32.

34.    Alicia Haskell and others, both known and unknown, agreed between and among themselves beginning on December 4, 2004, and continuing up to and through the date of the filing of this Answer and Counterclaim, to lie to law enforcement authorities, to officials of the United States Marine Corps, to the FBI, to the media, to a federal grand jury sitting in the District of Columbia, and to this Court in order to obstruct justice, to defame Officer James Edgar Littlejohn, to bring discredit upon the United States Park Police, and to file a spurious

13

lawsuit against Officer James Littlejohn all to the end of obtaining money for and of avoiding deportation of Alicia Haskell from the United States of America.

35.     Alicia Haskell and others, both known and unknown, in the course of and in furtherance of their unlawful agreement caused injury to Officer James Edgar Littlejohn by one or more unlawful overt acts performed by one of them pursuant to, and in furtherance of the common scheme: to wit, without limitation of same, the following:

a.     Alicia Haskell and members of the marine group lied to law enforcement officers at the scene of the incident on December 4, 2004;

b.     Alicia Haskell, members of the marine group, and others agreed among themselves on December 4, 2004, to have Haskell assert to law enforcement authorities that she wanted to press criminal charges against Officer Littlejohn, even though there was no probable cause for such charges;

c.     Alicia Haskell, members of the marine group, and others agreed among themselves on December 4, 2004, to have Haskell lie to a Channel 7 reporter and the television audience about the events of that night;

d.     Alicia Haskell and another did indeed lie to a Channel 7 reporter on Sunday, December 5, 2004, about the events of that date;

e.     Alicia Haskell and members of the marine group lied to agents of the Federal Bureau of Investigations investigating the events of December 4, 2004;

f.     Alicia Haskell lied to an attorney admitted to the Bar of the District of Columbia in order to induce him to represent her on a contingency basis to file the instant lawsuit against Officer James Edgar Littlejohn;

14

g.    Alicia Haskell lied to attorneys of the Civil Rights Division of the Department of Justice and to attorneys in the United States Attorney's Office for the District of Columbia about the events of December 4, 2004;

h.    Alicia Haskell lied to members of a federal grand jury convened in the District of Columbia about the events of December 4, 2004.

36.    By way of this agreement and these and other unlawful overt acts committed by Alicia Haskell and others both known and unknown, Officer James Edgar Littlejohn was injured in that he was and continues to be subject to discipline in his job; suspended from his law enforcement functions; humiliated in his work, family, and religious communities; deprived of rank, salary, advancement, and other financial and professional benefits in his chosen career as a federal law enforcement officer; caused to suffer severe psychological and physical distress; lowered in the estimation of the community; caused to incur attorneys' fees and expenses in defending himself from malicious charges of criminal conduct; and otherwise deprived of the enjoyment of his professional, family, and religious life.

### COUNT II (Defamation)

37.    Officer Littlejohn incorporates the averments of paragraphs 1 through 36.

38.    Alicia Haskell published to third persons and the world the false statements regarding Officer Littlejohn set forth in Paragraph 34 above; such statements were defamatory and defamatory per se; Haskell was negligent in publishing the statements; Officer Littlejohn suffered actual injury as a result, as further set forth in Paragraph 36 above.

39.    Such statements were false in that Alicia Haskell stated that she was not an aggressor, she did not assault the female law enforcement officer, she was leaving the scene

15

when touched by Officer Littlejohn, was not attempting to attack the female officer at the time of her injury, and that others shouted "beat her up, beat her up".

### COUNT III (Malicious Prosecution)

40.     Officer Littlejohn incorporates the averments of paragraphs 1 through 39.

41.     Through her false statements to law enforcement authorities, Alicia Haskell maliciously caused a federal criminal and a federal grand jury investigation to take place of Officer Littlejohn without probable cause and with malicious intent to harm Officer Littlejohn for the unlawful purposes of obtaining money from him and/or the United States and of Haskell avoiding being deported for assaulting a federal law enforcement officer.

42.     As a direct and proximate cause of such actions by Alicia Haskell, Officer Littlejohn suffered physical detention and other special damages as outlined in Paragraph 36 above.

### COUNT IV (Abuse of Process)

43.     Officer Littlejohn incorporates the averments of paragraphs 1 through 42.

44.     By her lies alleged in Paragraph 34 and the agreement alleged in Count I, Alicia Haskell caused an abuse of the legal process, in that her lies constituted a perversion of court processes to accomplish ends which the process was not intended by law to achieve, and/or which compelled Officer Littlejohn to do such other collateral things which he could not legally and regularly be compelled to do: such as, without limitation, to defend himself in the grand jury investigation, to defend this unwarranted lawsuit, to incur attorney's fees and expenses clearing his good name, and to otherwise be damaged as outlined in Paragraph 36.

### COUNT V (Punitive Damages)

45.     Officer Littlejohn incorporates the averments of paragraphs 1 through 44.

46.    Alicia Haskell acted in all matters alleged herein with evil motive, actual malice, deliberate violence and oppression, with intent to injure, and in willful disregard for the rights of Officer Littlejohn. Her conduct was outrageous, grossly fraudulent, and reckless towards the safety and well-being of Officer Littlejohn.

WHEREFORE, Officer James Edgar Littlejohn demands judgment against Alicia Haskell and prays that he be awarded compensatory damages in the amount of TWO MILLION DOLLARS ($2,000,000), punitive damages in an amount to be determined by a jury and in any event no less than ONE MILLION DOLLARS ($1,000,000), plus interest, attorneys fees, and the costs of this action.

## DEMAND FOR A JURY TRIAL

Defendant/CounterClaimant Officer James Edgar Littlejohn demands a trial by jury on Plaintiff's Complaint against him and his Counterclaim against Plaintiff.

THOMPSON O'DONNELL, LLP

J. Michael Hannon, #352526
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005
(202) 289-1133
(202) 289-0275 FAX

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Answer and Counterclaim to be sent by facsimile and by first class mail postage prepaid this 9th day of December, 2005, to:

Larry N. Burch
The Law Offices of Burch and Burch-Rates, LLC
7829 Belle Point Drive
Greenbelt, Maryland 20770


J. Michael Hannon

18

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ALICIA HASKELL,                         )
                                        )
            Plaintiffs,                 )
                                        )
    v.                                  )
                                        )        Civil Action: 2005 CA 009355 B
JAMES E. LITTLEJOHN                     )        Calendar 12
                                        )        Judge Campbell
            Defendant                   )        Next Event: Initial Conference 3/17/05

### ANSWER TO COUNTER-CLAIM

Plaintiff, Alicia Haskell, by and through undersigned counsel, hereby answers the Counter-Claim filed by the Defendant, James E. Littlejohn, as follows:

1.    That Defendant's counter-claims are barred by the applicable statute of limitations.

2.    That Defendant's counter-claims fail to state claims upon which relief can be granted.

3.    That the Plaintiff generally denies the allegations contained in Count I of Defendant's Counter-Claim and holds the Defendant to strict Proof.

4.    That the Plaintiff generally denies the allegations contained in Count II of Defendant's Counter-Claim and holds the Defendant to strict Proof.

5.    That the Plaintiff generally denies the allegations contained in Count III of Defendant's Counter-Claim and holds the Defendant to strict Proof.

6.    That the Plaintiff generally denies the allegations contained in Count IV of Defendant's Counter-Claim and holds the Defendant to strict Proof.

7.    That the Plaintiff generally denies the allegations contained in Count V of Defendant's Counter-Claim and holds the Defendant to strict Proof.

06 0014

Page

**FILED**

JAN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT**

C

_(signature)_

Nicholas Phucas, Esquire  D.C. Bar #475163
*The Law Offices of Burch & Burch-Rates, LLC*
7829 Belle Point Drive
Greenbelt, Maryland 20770
(301) 474-4468
Attorneys for the Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this _29th_ day of December, 2005, a copy of the foregoing was sent by first class mail to:

J. Michael Hannon, #352526
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C.  20005

_(signature)_

Nicholas L. Phucas, Esquire