UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA HASKELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0014 (PLF) |
| ) | |
| JAMES E. LITTLEJOHN ) | |
| ) | |
| Defendant. ) | |

ORDER

The Court has before it the parties' February 3, 2006 stipulation of dismissal. Appended to the stipulation is a certification, pursuant to the Federal Tort Claims Act 28 U.S.C. § 2679(d)(1), in which the United States has certified that "James Edgar Littlejohn was acting within the scope of his employment as an employee of the United States at the time of the incident out of which the claim arose." Under the FTCA:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679 (d)(1). Because the United States has certified that the named defendant was acting in his capacity as a United States employee, the Attorney General, through his agent, certified that the defendant was "acting within the scope of his office." The United States, therefore, will be substituted for the named defendant.

In their January 30, 2006 joint Rule 16.3 report to the Court the parties indicated that they intended to file a stipulation of dismissal "with prejudice as to James E. Littlejohn but without prejudice as to the United States of America." That stipulation of dismissal states that the plaintiff wishes to "preserv[e] her claims against the United States." It further states that the named defendant James E. Littlejohn voluntarily dismisses without prejudice his counterclaim against plaintiff, and that "this matter stands dismissed in it [sic] entirety." The Court therefore understands plaintiff's stated wish to "preserv[e] her claims against the United States" to mean that she intends to dismiss her claims against the United States without prejudice.

Therefore, in light of the certification made by the United States and the representations of the parties in their stipulation of dismissal and 16.3 report to the Court, it is hereby

ORDERED that the United States is substituted for the named defendant; it is

FURTHER ORDERED that plaintiff's claims against James E. Littlejohn shall be DISMISSED with prejudice;  it is

FURTHER ORDERED that plaintiff's claims against the United States of America shall be DISMISSED without prejudice; it is

FURTHER ORDERED that defendant's counterclaim shall be DISMISSED without prejudice;  and it is

FURTHER ORDERED that this matter shall be removed from the docket of the Court.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 8, 2006